IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| GREG HARGUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FEROCIOUS AND IMPETUOUS, LLC | )   Civil No. 2013-111 |
| d/b/a ONE LOVE CHARTERS, KYLE | ) |
| COLEMAN, JOSEPH TRATTNER, the ST. | ) |
| THOMAS SPORT AND SOCIAL CLUB, | ) |
| LLC and the M/V ONE LOVE, a twenty-six | ) |
| (26) foot 1998 Stamas CC, bearing U.S. | ) |
| Virgin Islands Vessel Registration Number: | ) |
| VI 3333-TC, with twin Yamaha 150 | ) |
| horsepower engines and her apparel, | ) |
| appurtenances, etc., *in rem*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff Greg Hargus' motion for sanctions for failure to attend mediation. [DE 131]. Defendants oppose the motion. [DE 134]. This admiralty action arises out of injuries plaintiff suffered during a May 19, 2012 boating excursion when the boat captain threw an object at and struck plaintiff in the head. Plaintiff brought an action against the vessel used in the boating trip (the M/V One Love), the captain of the vessel (Kyle Coleman), the vessel's owner (Ferocious and Impetuous, LLC d/b/a One Love Charters, hereafter the "LLC"), and Joseph Trattner, the managing member of the LLC.[1]

U.S. Magistrate Judge Geoffrey W. Barnard mediated this matter on October 31, 2014. [DE 133]. Plaintiff and his counsel appeared for mediation. Defendants' counsel appeared,

---

[1] Trattner was also a principal with St. Thomas Sport and Social Club, LLC. The claims against St. Thomas Sport and Social Club, LLC were dismissed with prejudice by stipulation of the parties filed on December 18, 2014. [DE 150].

along with Trattner. Coleman did not appear,[2] nor did any representative of any insurer for the defendants.[3]

Plaintiff contends that defendants and their attorneys should be sanctioned for "fraud on this Court[4] and failing to attend mediation with a representative of the insurance company who provided a Letter of Undertaking ["LOU"] on behalf of the *in rem* defendant M/V One Love." Mot. at 1. Plaintiff seeks the following sanctions under Local Rule of Civil Procedure 3.2(f), and the Court's "inherent powers": an order forfeiting the $50,000 LOU, the striking of defendants' answer and affirmative defenses, and an award to be paid by defendants' counsel of plaintiffs costs, expenses and attorney's fees in connection with the mediation and the motion. *Id.* at 1, 3. Defendants argue a representative of the insurer was not required to attend because there was no remaining coverage under the policy. Opp. at 2-3.

## I. LEGAL AUTHORITIES

Local Rule of Civil Procedure 3.2(f)(2) provides that a court "shall impose sanctions, including an award of mediator and attorney fees and other costs," where "a party, without good cause, fails to appear at . . . mediation . . . or fails to participate in the mediation in good faith." LRCi 3.2(f)(2). A party is deemed to appear at mediation if "the following persons are physically present: (A) The party or its representative having full authority to settle without further consultation; and (B) a representative of the insurance carrier for any insured party [] and

---

[2] Although plaintiff notes that Coleman did not participate in mediation, it appears plaintiff seeks no sanction for this failure.

[3] On October 30, 2014, counsel exchanged emails in which defendants confirmed that "all insurance coverage previously available has been exhausted," and "the carrier is no longer participating in the defense of these cases." [DE 134-4].

[4] Like many of the submissions in this case, plaintiff's motion and defendants' response are replete with hyperbole, personal attacks and accusations of bad faith and serious misconduct. The Court cautioned the parties on numerous occasions to refrain from such incivility.

Case: 3:13-cv-00111-RM   Document #: 249   Filed: 09/30/15   Page 3 of 5

Hargus v. FEROCIOUS AND IMPETUOUS, LLC d/b/a ONE LOVE CHARTERS, et al.
Civil No. 2013-111
Page 3

who has full authority to settle without further consultation." *Id.*

A court has the power to sanction counsel for bad faith conduct pursuant to its inherent authority.[5] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-52 (1991); *Ferguson v. Valero Energy Corp.*, 454 Fed. Appx. 109 (3d Cir. 2011) (noting a court's inherent power "extends to the regulation of attorneys"); *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 566 (3d Cir. 1985) (noting a district court has the inherent power "to sanction errant attorneys financially") (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980)). "[B]ecause of their very potency, inherent powers must be exercised with restraint and discretion."  *The Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 2001) (quoting *Chambers*, 501 U.S. at 44). "Thus, a district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must ensure that the sanction is tailored to address the harm identified." *The Republic of the Philippines*, 43 F.3d at 74.

A court may only use its inherent power to assess attorney's fees as a sanction in narrowly-defined circumstances. *Roadway*, 447 U.S. at 765. These rare situations are, for example, when a party has engaged in egregious acts such as litigating in bad faith, abusing judicial processes, or threatening witnesses with violence. *See, e.g., The Republic of the Philippines*, 43 F.3d at 73-74; *Alyeska Pipeline Svc. Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975) (party who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" is subject to sanctions pursuant to a court's inherent power).

---

[5] "[G]enerally a court should not resort to [] sanctions" pursuant to its inherent power where bad-faith conduct in the course of litigation can be adequately addressed by other sanctioning provisions. *Ferguson v. Valero Energy Corp.*, 454 Fed. Appx. 109, 112 (3d Cir. 2011). Here, plaintiff seeks sanctions pursuant to Local Rule 3.2; thus, no resort to the Court's inherent authority should be required.

## II. DISCUSSION

As an initial matter, plaintiff does not identify any "fraud" on the Court perpetrated by anyone. Nor does plaintiff identify any legal authority – apart from the local rule – to support his position. Here, the insurer states that the coverage under the policy had been exhausted.[6] A plain reading of Local Rule 3.2(f)(2)(B) seems to undercut plaintiff's argument that the insurer's representative was required to attend mediation because without coverage, was any defendant still an "insured party" within the meaning of the rule?

On the other hand, this same insurer entered into a LOU as a substitute for the arrest of the vessel in this admiralty case. On that basis, it may have some other contractual duty to answer for a judgment in this case,[7] but plaintiff points to no authority from which this Court could conclude that the insurer's status as a party to a LOU makes its attendance mandatory under Local Rule 3.2(f)(2)(B). This Court has not found such authority.

Moreover, the sanctions plaintiff seeks are quite draconian relative to the conduct complained of here, and the Court views them as not proportional to any harm done.[8] Further, although Local Rule 3.2(f) makes sanctions mandatory in appropriate cases, as discussed above it is far from clear that this case presents such appropriate circumstances.

---

[6] Given the carrier's position that there was no more coverage available under the policy, it is questionable whether defendants could have forced the carrier to appear in any event. *See EEOC v. AKAL Sec., Inc.*, 2010 U.S. Dist. LEXIS 89658, *19 (D. Kan. Aug. 31, 2010) ("it is unclear how AKAL could have compelled the carrier to participate short of initiating a separate action" where there were issues about coverage).

[7] To be sure, the LOU here [DE 18-1] provides that Great Lakes Reinsurance (UK) PLC would satisfy an amount in settlement (up to a stated amount) "where said settlement has been made with the approval of the undersigned insurers." If a settlement had been reached, whether Great Lakes may have waived its approval rights in some fashion by failing to participate in mediation is an issue this Court need not reach here.

[8] Plaintiff gives no indication of any of the circumstances surrounding the failed mediation, including whether and for how long the parties engaged in the mediation process, and what fees and costs might have been generated. As this mediation was to take place before a U.S. Magistrate Judge, the parties would not have incurred mediator's fees.

*Hargus v. FEROCIOUS AND IMPETUOUS, LLC d/b/a ONE LOVE CHARTERS, et al.*
Civil No. 2013-111
Page 5

### III.    CONCLUSION

Accordingly, the premises considered, it is hereby ORDERED that the motion for sanctions [DE 131] is DENIED.[9]

**Dated:**  September 30, 2015                                    S\_____
                                                                                            **RUTH MILLER**
                                                                                            United States Magistrate Judge

---

[9] As the court observed in *EEOC v. AKAL Sec., Inc.,* "the failure of subsequent efforts to mediate a resolution of the claims in this case devolves into a 'he-said-she-said' exchange of unproductive personal attacks by and against counsel.  The bottom line is that the case has not settled because plaintiffs and [defendant] disagree on the value of the case."  2010 U.S. Dist. LEXIS 89658, at *19-20.  Similarly, the parties in this case apparently did not agree on its value, and they went to trial as a result.